UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WANDA GOLDSBOROUGH, | CASE NO. 1:17CV2504 |
| Plaintiff, | JUDGE BENITA Y. PEARSON |
| v. | Magistrate Judge George J. Limbert |
| NANCY A. BERRYHILL,[1]<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION, | REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE |
| Defendant. | |

Plaintiff Wanda Goldsborough ("Plaintiff") requests judicial review of the Commissioner of Social Security Administration ("Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF Dkt. #1. On March 26, 2018, the undersigned issued an order to show cause for Plaintiff's failure to file her brief on the merits. ECF Dkt. #12. Plaintiff, acting *pro se*, submitted a letter on April 9, 2018. ECF Dkt. #13. Defendant filed a brief on the merits on May 8, 2018. ECF Dkt. #14. Plaintiff did not file a reply.

For the following reasons, the undersigned RECOMMENDS that the Court AFFIRM the ALJ's decision and dismiss Plaintiff's case in its entirety with prejudice.

## I. PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI in January 2015, alleging a period of disability beginning on November 28, 2014. ECF Dkt. #11 ("Tr.") at 174, 182.[2] Plaintiff's claims were denied and Plaintiff requested a hearing before an administrative law judge ("ALJ").

---

[1]On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2]All citations to the Transcript refer to the page numbers assigned when the Transcript was filed as a .PDF, rather than the page numbers assigned by the CM/ECF system. When the Transcript was filed the .PDF included an index, with the indexed pages differentiated from the numerical pages. Accordingly, the page number assigned in the .PDF mirrors the page number printed on each page of the Transcript, rather than the page number assigned when the Transcript was filed in the CM/ECF system.

*Id.* at 136.  After the hearing, the ALJ issued a decision denying Plaintiff's claims.  *Id.* at 19.  Subsequently, at Plaintiff's request, the Appeals Council reviewed additional evidence submitted by Plaintiff and ultimately declined further review of the ALJ's decision.  *Id.* at 1.  Accordingly, the March 21, 2017, decision issued by the ALJ became the final decision.

The instant suit was filed by Plaintiff, acting *pro se*, on November 30, 2017.  ECF Dkt. #1.  After the undersigned issued an order to show cause for failure to prosecute, Plaintiff submitted a brief letter on April 9, 2018, indicating that she had a home accident causing her to lose her job and resulting in nerve damage to one of her feet.  ECF Dkt. #12; ECF Dkt. #13 at 1. Plaintiff's letter included an attachment consisting of medical records that she now asks this Court to review.  ECF Dkt. #13; ECF Dkt. #13-1.  Defendant filed a brief on the merits on May 8, 2018.  ECF Dkt. #14.  Plaintiff did not file a reply.

## II.     RELEVANT MEDICAL AND TESTIMONIAL EVIDENCE

### A.     Medical Evidence

In late November 2014, Plaintiff presented to the emergency room after stepping on a glass Christmas ornament. Tr. at 265.  Plaintiff was treated with skin glue for her foot laceration. *Id.* at 270.  At a follow-up examination, Plaintiff indicated that the prescribed Percocet helped with the pain and that she was not taking the ibuprofen that she was given.  *Id.*  The doctor treating Plaintiff recommended that she remain off work for the rest of the week.  *Id.*  In December 2014, an ultrasound revealed glass shards in Plaintiff's right foot.  *Id.* at 265.

An MRI taken in January 2015 showed a tendon tear at the third and fourth toes with defect pain in the plantar fascia. Tr. at 510.  On physical examination, Plaintiff had mild local tenderness and some numbness, but showed normal strength in both lower extremities and could move without difficulty.  *Id.* at 325.  Additionally, Plaintiff showed some compromise in the lateral plantar nerve distribution on the right foot, but the nerve was intact and not severed.  *Id.* On February 7, 2015, Plaintiff underwent an endoscopic plantar fascia release, flexor tenotomy, and removal of the glass shards.  *Id.* at 509, 517.  Plaintiff reported continued foot pain and numbness in June 2015 and August 2015, and her general practitioner and podiatrist recommended that she take Lyrica for her nerve symptoms.  *Id.* at 509-10, 514-17.

### B. Testimonial Evidence

On November 16, 2016, Plaintiff, her attorney, and a vocational expert appeared before the ALJ for a hearing. Tr. at 31. On examination by the ALJ, Plaintiff testified that she had a driver's license and drove, and that she was working part-time through a staffing agency as a sitter for senior citizens. *Id.* at 38-41. Plaintiff stated that she sat during her working hours and that lifting and carrying was not necessary. *Id.* Continuing, Plaintiff stated that she was unable to work full-time since her foot would swell. *Id.* Plaintiff then testified that prior to her sitting job, she had worked full-time for several months sitting at a group home, but that she could not handle the physical aspects of the job. *Id.* at 43-44. According to Plaintiff, prior to her job at the group home she had worked as an aid for disabled children for approximately eight years. *Id.* at 47-49. Plaintiff stated that she had worked at a property management company for several years before her job working with disabled children. *Id.* at 51-54. Additionally, Plaintiff testified that she had previously worked at Wal-Mart in the photo department and at "CMHA" as a mail clerk. *Id.* at 54-57. When asked why she was unable to work, Plaintiff stated it was due to foot pain and swelling. Tr. at 58. Plaintiff stated that her foot became swollen at least two to three times a day and that she took Motrin for her symptoms. *Id.* at 61-63. The ALJ then asked Plaintiff about her daily activities and Plaintiff testified that she: shopped with her husband; had trouble dusting her house; required more time to clean her house than she needed in the past; washed a "few" dishes; watched television; and read. *Id.* at 65-68.

When examined by her attorney, Plaintiff stated that she elevated her leg two to three times per day for one to two hour periods. Tr. at 69. Plaintiff stated that she could sit for an hour before needing to move. *Id.* at 70. The ALJ then examined the vocational expert ("VE"). *Id.* at 71-76. Plaintiff's counsel was also afforded the opportunity to examine the VE. *Id.* at 76-78. The ALJ then concluded the hearing. *Id.* at 78-79.

### III. RELEVANT PORTIONS OF THE ALJ'S DECISION

After the hearing, the ALJ issued a decision on March 21, 2017. Tr. at 15. The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through

December 31, 2018.  *Id.* at 20.  Continuing, the ALJ stated that Plaintiff had not engaged in substantial gainful activity since November 28, 2014, the alleged onset date.  *Id.*  The ALJ then determined that Plaintiff had the severe impairment of soft tissue injury.  *Id.*  Next, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 21.

After consideration of the record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as described in 20 C.F.R. §§ 404.1567(b) and 416.967(b), specifically finding that Plaintiff had the ability to stand and walk for six hours in an eight-hour workday.  Tr. at 21.  Continuing, the ALJ found that Plaintiff was capable of performing her past relevant work as a department store clerk as generally and actually performed, and an administrative clerk as generally performed.  *Id.* at 24.  The ALJ stated that these jobs did not require the performance of work-related activities precluded by Plaintiff's RFC.  *Id.*  In conclusion, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from November 28, 2014, through the date of the decision.  *Id.* at 25.

**IV.    STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS**

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits.  These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see  20 C.F.R.  § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

> 5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## V.  STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937(citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted).

## VI.    LAW AND ANALYSIS

Plaintiff, who is not represented by counsel at this stage of the case, did not file a brief on the merits, but rather submitted a short letter indicating that she: lost her job as a result of her home accident; had the glass shards removed but still experienced pain and nerve damage in her foot; and was unable to return to work. ECF Dkt. #13 at 1. Continuing, Plaintiff asks that the Court consider medical evidence she attached to the letter. *Id.*; ECF Dkt. #13-1.

Defendant contends that the ALJ's decision is supported by substantial evidence and that Plaintiff is not entitled to remand pursuant to sentence six of 42 U.S.C. § 405(g). ECF Dkt. #14 at 4-8. Regarding substantial evidence, Defendant asserts that Plaintiff's only argument is that the Court should re-weigh the evidence and find that she is disabled. Defendant then correctly states that Plaintiff has the burden to provide relevant medical and other evidence proving her alleged disability, citing 20 C.F.R. §§ 404.1212(a), (c) and 416.921(a), (c). *Id.* at 4. Continuing, Defendant avers that Plaintiff has failed to demonstrate that her foot laceration was a medical condition that eliminated her ability to work in any capacity for at least a year during the relevant period. *Id.* at 5.

Specifically, Defendant states that Plaintiff's injury was the result of her stepping on a Christmas ornament and that she was treated in the emergency room for a foot laceration. ECF Dkt. #14 at 5 (citing Tr. at 270). Defendant indicates that four days after the accident Plaintiff reported that she had not been taking the prescribed ibuprofen. *Id.* (citing Tr. at 270). Additionally, Defendant notes that on physical examination Plaintiff displayed only mild local tenderness and some numbness, but had normal strength in both lower extremities and could move her toes without difficulty. *Id.* (citing Tr. at 325). Defendant also states that other than a February 2016 appointment to establish care with a new primary physician and seek pain medication, Plaintiff presents no medical records relating to her foot pain from August 2015 to the ALJ's decision. *Id.* at 6 (citing Tr. at 5-19-20).

Additionally, Defendant asserts that Plaintiff testified at the hearing that Motrin was "working fine" to control her pain. ECF Dkt. #14 at 6 (citing Tr. at 62-63). Defendant states that the ALJ noted that no treating physician had opined that Plaintiff had any work-related

limitations and properly found that Plaintiff could perform a range of light work. *Id.* (citing Tr. at 23-24).

Defendant also claims that Plaintiff is not entitled to remand pursuant to sentence six of 42 U.S.C. § 405(g). ECF Dkt. #14 at 7. Specifically, Defendant states that Plaintiff has made no effort to show how the medical documents attached to her letter are new or material, or that there was good cause for her failure to present the new evidence at the hearing. *Id.* at 7-8 (citing *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010)). Defendant states that none of the attached documents did not exist at the time of the ALJ's decision and that Plaintiff has failed to show that there is a reasonable probability that a different result would have occurred had the documents been presented to the ALJ. *Id.* at 8.

The letter submitted by Plaintiff does not speak to any of the defects alleged by Defendant and Plaintiff did not file a reply to Defendant's brief on the merits.

Plaintiff has failed to show any reason why the Court should reverse and remand this case. The ALJ's decision is supported by substantial evidence. In the decision, the ALJ noted that Plaintiff worked part-time as a sitter for senior citizens and was able to drive without restrictions. Tr. at 22. The ALJ then addressed the limited medical evidence in this case, found that Plaintiff's daily activities suggested that her limitations were not as significant as purported, and noted that no treating or examining medical source opined that Plaintiff was unable to work. *Id.* at 22-23. Continuing, the ALJ addressed the opinion of the consultative examiner, who observed: no significant swelling in the leg; intact movement of all toes; full range of motion in all joints; and normal gait with a mild limp. *Id.* at 23. The ALJ also addressed the opinions of the state agency medical consultants, who opined that Plaintiff's impairment would not meet the duration requirement to warrant a finding of disability. *Id.* The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole*, 661 F.3d at 937. Plaintiff has failed to show that the ALJ's decision is not supported by relevant evidence that might support the conclusion and, accordingly, the ALJ's decision is supported by substantial evidence.

Likewise, Plaintiff has not shown that she is entitled to remand pursuant to sentence six of 42 U.S.C. § 405(g), which allows remand when a claimant has presented new and material evidence. Regarding the medical records attached to Plaintiff's letter, the majority of the documents are not new as they were in existence at the time the ALJ issued the decision. ECF Dkt. #13-1 at 1-49. Plaintiff has not indicated that the ALJ was unaware of these medical records when the decision was issued. *See* ECF Dkt. #13. As for the medical records created on April 8, 2017, May 10, 2017, and July 12, 2017, Plaintiff does not show how these records are material and that there is a reasonable probability that a different result would have been reached if the documents were presented to the ALJ. Rather, the April 8, 2017, documents show that Plaintiff underwent successful outpatient surgery on her right foot. ECF Dkt. #50-52. The May 10, 2017, document states that Plaintiff was unable to work after the surgery, but Plaintiff fails to show how this conclusory statement would have any bearing on the ALJ's decision as the statement was issued following a surgery performed after the ALJ issued the decision. *See id.* at 53. Finally, the July 12, 2017, document merely states that Plaintiff underwent the surgery on her right foot and that she was unable to work since the surgery. *Id.* at 54. Again, this document has no bearing on Plaintiff's ability to work at the time the ALJ issued the decision as it was regarding a surgery performed after the decision was issued. For these reasons, Plaintiff has failed to show that she is entitled to remand pursuant to sentence six of 42 U.S.C. § 405(g).

## VII.   CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court AFFIRM the ALJ's decision and dismiss Plaintiff's case in its entirety with prejudice.


Date: December 18, 2018            */s/George J. Limbert*
                                   GEORGE J. LIMBERT
                                   UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).